UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(NEWPORT NEWS DIVISION)

LIEBHERR-AMERICA, INC.,
d/b/a LIEBHERR USA, CO.,

      Plaintiff,

v.                               Case No. _____

AMERAMEX INTERNATIONAL, INC.,
Serve:  Lee Hamre
        3930 Esplanade
        Chico, California  95973

and

CERES TERMINALS INCORPORATED,
Serve: Corporation Service Company,
      Registered Agent
     251 Little Falls Drive
     Wilmington, Delaware  19809,

      Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Liebherr-America, Inc. d/b/a Liebherr USA, Co. ("Liebherr") by counsel,

and for its Complaint against Ameramex International, Inc. ("Ameramex") and Ceres Terminals

Incorporated ("Ceres," and with Ameramex, the "Defendants") seeking a declaratory judgment

pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, respectfully states as

follows:

### Nature of the Action

1.     This dispute concerns the responsibility for a wire transfer that was diverted to the

account of an unknown criminal as a result of fraudulent activity.  As is frequently the case in

these kinds of disputes, the party responsible for allowing the fraudulent activity to occur

(Ameramex) is now attempting to shift blame to the defrauded party (Liebherr) and argue that

I-1686966.2

Ameramex should somehow be excused from its own negligence.

2.      It is undisputed that the wire transfer was sent pursuant to express instructions received by Liebherr from the same Ameramex email account that Liebherr had been communicating with for months.  The wire transfer concerned a $1,057,400 deposit (the "Deposit") made on behalf of Ceres for the purchase of a harbor mobile crane from Liebherr.  To secure a slot in Liebherr's production schedule, Ameramex, acting as Ceres' agent, had executed a deposit agreement (the "Deposit Agreement"), a copy of which is attached as **Exhibit 1**.  The fraudulent wire transfer occurred when Liebherr was returning the Deposit after Ceres canceled the transaction.

3.      Following the discovery of the fraudulent activity, Ameramex's Chief Financial Officer confirmed in an open letter that Ameramex's email system had been compromised and that the Liebherr employee handling the transaction was unaware of the criminal activity.  Now that Ceres has demanded its money back from Ameramex, however, Ameramex has changed course and sent a letter to Liebherr demanding the immediate return of the Deposit.

4.      Liebherr seeks a declaratory judgment, pursuant to 28 U.S. § 2201, that (a) the negligence of Ameramex caused the fraudulent wire transfer; (b) Ameramex, bore the risk of loss under the Deposit Agreement due to its negligent acts, is solely responsible for the fraudulent wire transfer and, to the extent the Deposit must be repaid to Ceres, Ameramex is solely liable for the repayment; and (c) Liebherr has no responsibility for the fraudulent wire transfer and is not liable for the repayment of the Deposit.

## Parties

5.      Liebherr is a company organized and existing under the laws of the Commonwealth of Virginia.  Liebherr maintains its principal place of business in Newport News, Virginia.

I-1686966.2

6.      Upon information and belief, Ameramex is a corporation organized and existing under the laws of the State of Nevada, and maintains its principal place of business at 3930 Esplanade, Chico, California 95973.

7.      Upon information and belief, Ceres is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business at 565 Marriott Drive, Nashville, TN 37214.

## Jurisdiction and Venue

8.      This is an action for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., to resolve an actual controversy between the parties.

9.      This matter is ripe for adjudication because there is an actual and justiciable controversy between the parties as described herein.

10.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  There is complete diversity between the parties, and the economic interests at stake in this action exceed $75,000 in value, exclusive of interests and costs.

11.     This Court has personal jurisdiction over the Defendants and venue properly lies in this district under 28 U.S.C. § 1391 because, among other things, Liebherr's principal place of business is in Newport News and the Defendants consented to jurisdiction and venue in this Court pursuant to Section 6(a) of the Deposit Agreement.

## Factual Background

12.     In January of 2020, Lee Hamre of Ameramex contacted Liebherr about purchasing a harbor mobile crane for Ceres at Port Hueneme, California.

13.     Ameramex acted as the "commissioned agent" for Ceres during the purchase process.

14.     In order to secure a production slot for the crane while Ceres confirmed its need

for the crane and the parties negotiated a purchase agreement, the parties executed the Deposit

Agreement on February 24, 2020.  Ameramex signed the Deposit Agreement "[f]or itself and as

agent for Ceres Terminals Incorporated."

15.     Following the execution of the Deposit Agreement, Ameramex, acting as Ceres's

agent, wired the Deposit to Liebherr.

16.     The email account used by Mr. Hamre for this transaction was

"lee@hamreequipment.com."

17.     Under the terms of the Deposit Agreement as amended, the Deposit was fully

refundable if requested by Ceres by 5:00 p.m. EDT March 30. 2020.  On March 30, 2020,

Liebherr received an email from Mr. Hamre cancelling the order and requesting a return of the

Deposit.  The Deposit Agreement specified that Liebherr had 5 days to return the Deposit by

wire transfer.

18.     On March 31, 2020, Mr. Hamre sent wiring instructions to Liebherr.  Those

wiring instructions requested that the Deposit be returned to an account at Chase Bank in

California.  Mr. Hamre also requested that Liebherr confirm that it had received the wiring

instructions.

19.     Shortly thereafter, Liebherr received another email from Mr. Hamre's account

indicating that the money should be wired to a different, overseas account due to the coronavirus

pandemic.

20.     As requested by Ameramex, Liebherr sent an email back to Mr. Hamre's email

address confirming that it would wire the money according to the new instructions.

21.     Although unknown to Liebherr at the time, the email account Mr. Hamre had

been using to communicate with Liebherr since January had been hacked and the alternate wiring

instructions had been sent by an unknown third party who had taken over Mr. Hamre's account.

22.     After receiving the wiring instructions and confirming receipt, Liebherr continued to communicate with Ameramex by email using the same email address provided by Ameramex for that purpose.  At no point prior to April 8, 2020, did Mr. Hamre or anyone else at Ameramex advise Liebherr that it had not received the confirmation it requested, that Mr. Hamre's account had been compromised or that Liebherr should communicate using a different account or through other means.

23.     Upon information and belief, through its own negligence and failure to implement appropriate security measures, Ameramex had allowed its email system to be hacked weeks or months prior to these events and had failed to discover the unlawful activity or to advise those dealing with Ameramex that its email system had been compromised.

24.     On April 2, 2020, Liebherr sent an email to Mr. Hamre's email account indicating the wire would be sent the next day.  On April 3, 2020, the money was wired to the bank account identified in the new instructions it received.

25.     After the wire transfer, Liebherr did not hear from Mr. Hamre or anyone else at Ameramex regarding the wire transfer until April 8, 2020, when another person at Ameramex inquired about the status of the wire transfer, which it still had not received.  Shortly thereafter, Ameramex advised Liebherr that Mr. Hamre's email account had been hacked.

26.     Following the discovery of the fraudulent scheme, Ameramex's Chief Financial Officer sent an open letter describing the fraud and confirming that Liebherr had acted without knowledge of the fraud.  Specifically, the letter stated in relevant part:

> At 9:27 am on the same day, a fraudulent email was sent to Jonathan Luikens from an unknown perpetrator who cloned/hacked Lee Hamre's account.  This email included an attachment with new wire instructions and the body of the email stated that Jonathan should send the money to that account instead.
>
> Mr. Luikens responded to that email and his response went to the perpetrator, not Mr. Hamre.  Unbeknownst to Mr. Luikens, this correspondence between himself

and the perpetrator continued the remainder of the week – Mr. Luikens believing
he was corresponding with Mr. Hamre.

A copy of this letter is attached as **Exhibit 2**.

27.     Despite acknowledging that the criminal activity occurred because Ameramex
allowed its email system to be hacked and that Liebherr acted pursuant to instructions sent from
Ameramex's email system without knowledge of the intrusion, Ameramex's lawyer sent a letter
to Liebherr dated April 22, 2020, demanding the immediate return of the Deposit.

28.     Based on the conflicting statements made by Ameramex and its apparent
disavowal of any responsibility for the return of the Deposit to Ceres, a justiciable controversy
exists concerning the rights of the parties, including with respect to Ceres, which is a party to the
Deposit Agreement.

## COUNT I - DECLARATORY JUDGMENT

29.     The allegations contained in Paragraphs 1 through 28 are incorporated herein as if
realleged.

30.     This matter is ripe for adjudication because there is an actual and justiciable
controversy between the parties as to which party, if any, is responsible for repayment of the
Deposit to Ceres.

31.     A declaratory judgment would serve a useful purpose in clarifying Liebherr's
rights and the legal relations at issue and would terminate and afford relief from the uncertainty,
insecurity and controversy giving rise to this proceeding.

## REQUEST FOR RELIEF

WHEREFORE, Liebherr respectfully requests that the Court:

1.     Declare that (a) the negligence of Ameramex caused the fraudulent wire transfer;
(b) Ameramex bore the risk of loss under the Deposit Agreement due to its negligent acts, is

I-1686966.2

solely responsible for the fraudulent wire transfer and, to the extent the Deposit must be repaid to Ceres, Ameramex is solely liable for the repayment; and (c) Liebherr has no responsibility for the fraudulent wire transfer and is not liable for the repayment of the Deposit;

2. Award Liebherr its costs and expenses, including reasonable attorney's fees, incurred in bringing this action pursuant to Section 4 of the Deposit Agreement; and

3. Grant Liebherr such other and further relief as the Court deems just and proper.

Dated: May 5, 2020     Respectfully submitted,

           LIEBHERR-AMERICA, INC.
           d/b/a LIEBHERR USA, CO.


           By_____/s/_____
           Brett A. Spain (VSB #44567)
           Bethany J. Fogerty (VSB #94753)
           WILLCOX & SAVAGE, P.C.
           Counsel for Liebherr-America, Inc.
           d/b/a Liebherr USA, Co.
           440 Monticello Avenue, Ste. 2200
           Norfolk, Virginia 23510
           757.628.5500 Telephone
           757.628.5566 Facsimile
           bspain@wilsav.com
           bfogerty@wilsav.com
           *Counsel for Plaintiff*

I-1686966.2